**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**BILLY KEYES**                                                                        **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 2:04cv311-KS-MTP**

**ROGER WOOD SPEED et al,**                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

Plaintiff Billy Keyes, a state prisoner proceeding *in forma pauperis* and *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and names as the defendants Covington County, Covington County Sheriff Roger Wood Speed, Wayne Harvey, Brad Massengale, Glenn Harvey, Bobby Layton, Russell Beasley, John Alburn, Dennis Smith, Brenda Bagley, Ward Bagley, Bruce McDonald, and Fenton Pope. All named defendants are employed with the Covington County Sheriff's Office[1] and are being sued in their individual and official capacities.[2] In his complaint, plaintiff contends that the conditions of his confinement at the Covington County jail were so inhumane as to constitute a violation of his constitutional rights.

Presently before the court is the Defendants' motion for summary judgment [50][3] filed on behalf of the defendants. The court having reviewed the motion, the documents and authorities

---

[1] Answer [25]. Specifically, defendants Wayne Harvey and John Alburn are jailors employed by the Sheriff. John Alburn is mistakenly referred to by plaintiff in some pleadings as John Algarn.

[2] Response [7], ¶14.

[3] Because the defendants raised issues of qualified immunity, Magistrate Walker granted a stay and placed this matter on the suspension track until the immunity issues in this case were resolved as required by local rule 16.1(B). Although plaintiff filed a motion for partial summary judgment [52] as to his state law claims of negligence, the court's order to stay the case because of immunity issues relieved the defendants of their obligation to respond to the motion. Accordingly, the plaintiff's motion [52] is not considered at this time. Likewise, the court does not address the defendants' supplemental motion [54] for summary judgment at this time as it was filed while the case was stayed.

submitted by the parties in support of and in opposition[4] to the motion, and being fully advised in the premises, recommends that the motion be granted in part and that the claims against the defendants, in their individual capacities, be dismissed with prejudice.[5] The court further finds more specifically as follows:

## ASSERTED FACTS

The plaintiff was incarcerated in Covington County for 159 days on charges of simple assault on a law enforcement officer and convicted felon in possession of a firearm.[6] Plaintiff alleges that he suffered from an athlete's foot infection and from hair loss on the back of his head.[7] He further alleges that he cut the bottom of his right foot after stepping on "rusted steel sticking up from floors in the hallway," and later received a shot to prevent infection.[8] Plaintiff complains that the windows and showers needed to be cleaned, the toilets do not work, and that

---

[4] Plaintiff has not filed a response in opposition. The pending motion [50] was filed on November 15, 2005. Although plaintiff did not respond to the motion, the court entered an order [57] on September 19, 2006, notifying plaintiff that the motion, if granted, could result in a dismissal of the case and directing that any response be filed by October 10, 2006. Plaintiff never responded despite being granted additional time to do so.

[5] The court recommends that the motion [50] be granted in part and denied in part to the extent that all claims against the defendants in their individual capacity be dismissed as they are entitled to qualified immunity. The defendants filed a supplement [54] to their motion for summary judgment requesting the court to dismiss all of plaintiffs claims against the defendants and in their argument invokes 42 U.S.C. § 1997(e)(e) to support their contention that plaintiff has failed to causally link his alleged injuries to the conditions of his confinement. However, because discovery has been stayed the court declines at this time to dismiss on the merits. Following the resolution of the immunity issues the court will set a discovery and motions deadline. The claims against the defendants in their official capacity remain and the liability, if any, flowing from a federal civil rights suit based on official capacity, runs against the local government entity, not the individual defendant. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691(1978).

[6] Motion [50], Exhibit A *Collins Jail Docket* and Exhibit B *Covington County Jail Docket.*

[7] Complaint [1], at 4.

[8] Complaint [1]*,* at 4-A.

there were wires hanging from the ceiling.[9]  Defendants have moved to dismiss plaintiff's §1983 claims in their individual capacity on the grounds of qualified immunity.

## SUMMARY JUDGMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof.  A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences from those facts. *Banc One Capital Partners Corp. v. Kneipper,* 67 F.3d 1187, 1198 (5th Cir. 1995).  There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 94 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994) is not enough to create a real controversy regarding material facts.  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

---

[9]Complaint [1], at 4-A.

necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

**Qualified Immunity**

" 'Qualified' or 'good faith' immunity shields government officials performing discretionary functions from liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Babb v. Dorman,* 33 F.3d 472, 477 (5 Cir.1994) (quoting *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir.1986)).  A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994).

In determining if qualified immunity applies, the court must decide: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. *Id*.  "'Reasonableness' is assessed in light of the legal rules clearly established at the time of the incident."  *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000).  Under this standard, even law enforcement officers who reasonably but mistakenly violate the Constitution receive immunity. *See Glen v. City of Tyler*, 242 F.3d 307 (5th Cir. 2001). Qualified immunity provides for mistaken judgment and protects "all but the plainly incompetent or those who knowingly violate the law." *Mangieri,* at 1012*.*

In this case, plaintiff must first establish that he suffered a constitutional violation as a result of the conditions at the Covington County Jail.  Next, plaintiff must establish that the

constitutional right was clearly established and that the defendants conduct was objectively unreasonable.

The plaintiff alleges that the defendants violated his Fourteenth Amendment rights by denying him basic human needs such as hygiene and sanitation. *See e.g., Bell v. Wolfish*, 441 U.S. 520, 535-541 (1979); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999); *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1999); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996). He alleges that the jail was unsanitary and unsafe, in addition to other broad complaints (the functionality of toilets, 'necket'[sic] wires hanging from the ceiling, rusted steel sticking up from the floors, toilets that do not work, and windows that need cleaning).[10]

During the relevant time period, plaintiff was a pretrial detainee.[11] The standard for analyzing conditions of confinement cases for pretrial detainees was detailed by the Fifth Circuit Court of Appeals in *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996). In determining what standard to apply to constitutional challenges by pretrial detainees, one must first assess whether a plaintiff's claim is an attack on an "episodic act" or a "condition of confinement." *Id*. at 644. If the plaintiff's claims are treated as episodic acts or omissions, then he must demonstrate that the defendants acted with deliberate indifference to his needs. *Id.* at 647-48. On the other hand, if the plaintiff's allegations are treated as general conditions of confinement, he must demonstrate that the challenged condition or restriction was not reasonably related to a legitimate

---

[10]Complaint [1] 4-A.

[11]Plaintiff was incarcerated on pending charges of (1) simple assault on a police officer, and (2) possession of a firearm by a convicted felon during the time of the alleged constitutional violations, he is considered a pretrial detainee for purposes of analysis under 42 U.S.C. § 1983.

governmental purpose, such as maintaining order and security. *See Hare,* 74 F.3d at 646; *Grabowski v. Jackson County Public Defenders Office,* 47 F.3d 1386, 1395, 1398 (5th Cir.1995).

A claimant's challenges to "the general conditions, practices, rules, or restrictions of pretrial confinement" is an attack on the conditions of general confinement subject to the "reasonable relationship test." *Bell v. Wolfish,* 441 U.S. 520 (1979). Under the *Bell* test, courts must determine whether a condition is "reasonably related to a legitimate, non-punitive governmental objective." *Bell*, 441 U.S. at 520. However, the constitution is not concerned with *de minimus* levels of imposition. *Hamilton v. Ryans*, 74 F.3d 99, 106 (5th Cir. 1996).

GENERAL CONDITIONS OF CONFINEMENT

**Showers and Windows**

Plaintiff's allegations that the showers and windows needed to be cleaned are *de minimus* and are insufficient to establish a constitutional violation for inhumane conditions of confinement. "Extreme deprivations" are required to make a claim for conditions of confinement. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). *See Gates v. Cook*, 376 F.3d 323, 334 (5th Cir. 2004) (holding that cell encrusted with fecal matter, urine, dried ejaculate, peeling and chipping paint and old food particles was unconstitutional). Additionally, plaintiff presents no evidence that the defendants subjected him to the alleged conditions of confinement for the purpose of punishing him. "Even if [plaintiff] could show direct evidence that detention facility officials intended to punish him for the crimes for which he had not yet been convicted , relief under § 1983 would not be warranted. *Bell* tells us that, for all pretrial detainees, 'there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.'" *Hamilton v. Ryans*, 74 F.3d 99, 106 (citing *Bell v. Wolfish,* 441 U.S. at 539 n. 21).

**Toilets**

Plaintiff also broadly alleges that the "toilets don't work."[12] This allegation taken as true is sufficient to allege a violation of a clearly established constitutional right. *See Sanford v. Brookshire*, 879 F.Supp 691 (W.D. Te. 1994) (holding that inoperable toilet for six days was a deprivation of basic human needs).

Because the plaintiff alleges a violation of a clearly established constitutional right, the court must then determine whether defendants' conduct was objectively unreasonable. *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000). The affidavits submitted by the defendants show that there were seven functioning toilets in the jail, three of which were available to the plaintiff at all times.[13] Additionally, defendants provided proof in the form of affidavits that plaintiff was never denied access to a toilet while incarcerated in Covington County.[14] Thus, the court is of the opinion that the defendants' actions were objectively reasonable.[15] A short-term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Hines v. Cain*, No. 06-37772, 2007 WL 891875, at *7 (E.D.La. March 20, 2007). "Jails must provide only reasonable adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F.Supp. 234, 241 (5th Cir. 1986).

---

[12]Complaint [1] 4-A.

[13]*Affidavits of Sheriff Roger Wood Speed, Glenn Harvey, Bobby Layton, Russell Beasley, John Alburn, Dennis Smith, Ward Bagley, Bruce McDonald, Fenton Pope*, attached to Defendants' Motion [50] for Summary Judgment as Exhibits [I],[L],[M],[N],[O], and [P].

[14]*Affidavits of Sheriff Roger Wood Speed, Wayne Harvey, John Alburn*, attached to Defendants' Motion [50] for Summary Judgment as Exhibits [I],[J],and [N].

[15]Once again the court notes that the plaintiff has failed to respond to the Defendants' Motion [50] for Summary Judgment leaving only the allegations of his Complaint [1] to stand against the sworn affidavits provided by the defendants.

**Wires**

Plaintiff also alleges that the wires on the ceiling were a violation of his Fourteenth Amendment rights.[16] Defendants submitted affidavits explaining the wires function as cable television wires that provide television to the Covington County inmates. *See Affidavit of Sheriff Roger Wood Speed, Wayne Harvey, John Alburn*, attached to Defendants' Motion [51] for Summary Judgment as Exhibits [I],[J], and [N]. Plaintiff has failed to provide competent summary judgment evidence sufficient to establish that the wires constitute a violation of his Fourteenth Amendment rights.

EPISODIC ACTS OR OMISSIONS

**Rusted Doorframe**

Finally, the plaintiff alleges that the "rusted steel" sticking up in the hallways cut his foot and caused him injury.[17] The court construes this event to be an allegation as to episodic acts or omissions. *See Hare v. City of Corinth*, 74 F.3d 633. A state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk. *Hare*, 74 F.3d 633, 650. Therefore, as to plaintiff's allegation of "rusted steel" the plaintiff must show that the defendants acted with deliberate indifference to his needs. *Hare*, 74 F.3d at 644.

Plaintiff alleges that he cut the bottom of his foot because of "rusted steel sticking up

---

[16] Complaint [1],4-A.

[17] Complaint [1], 4-B. Plaintiff alleges that he also suffered from hair loss and from athlete's foot. Taken as true, the court finds that these injuries are *de minimus*. Plaintiff does not allege inadequate medical care. In fact, in his complaint he acknowledges that one of the defendants, Officer Ward Bagley, took him to the doctor where he received a shot and his cut was "sealed up."

from the floors."[18]  According to the affidavit provided by the defendants, the plaintiff's injury was caused by a metal threshold of a door.[19]  According to the proof presented by the defendants, this doorframe presented no apparent danger and after learning of plaintiff's injury the defendants remedied the situation by cutting the threshold out to prevent any further harm.[20]

In order to prove deliberate indifference, plaintiff must allege facts sufficient to establish that the defendants knew the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  *See Hines v. Cain*, No. 06-37772, 2007 WL 891875, at *7 (E.D.La. March 20, 2007).  The plaintiff has failed to prove that the defendants acted with deliberate indifference.

## CONCLUSION

Plaintiff has failed to offer any evidence that would create a genuine issue of material fact as to whether defendants violated a clearly established right or that defendants actions were not objectively reasonable.  The defendants are, therefore, entitled to summary judgment on the issue of qualified immunity.

## RECOMMENDATION

Based on the foregoing, this court is of the opinion that the plaintiff has either failed to allege a violation of a clearly established right, or the defendants are nevertheless entitled to qualified immunity because their conduct under the circumstances was objectively reasonable. Additionally, the plaintiff has failed to provide any evidence that the actions of the defendants

---

[18] Complaint [1], 4-B.

[19] *Affidavit of Roger Wood Speed*, ¶ 8.

[20] *Affidavit of Roger Wood Speed,* ¶ 8.

rose to the level of deliberate indifference.  Accordingly, this court finds that the defendants are entitled to qualified immunity. Thus, the court recommends that the Defendant's Motion for Summary Judgment [50] be granted and that the claims against the defendants in their individual capacity be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the District Court to which a party has not objected.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the 5th  day of April, 2007.

s/ Michael T. Parker<br>
United States Magistrate Judge